**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-60687-BLOOM**

YOHENYS CRESPO ACOSTA,

      Petitioner,

v.

FIELD OFFICE DIRECTOR, *et al.*,

      Respondents.

_____/

## ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** is before the Court upon *pro se* Petitioner Yohenys Crespo Acosta's ("Petitioner") Emergency Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"), arguing he has been unlawfully detained in Immigration and Customs Enforcement ("ICE") custody. ECF No. [1]. The Court ordered a response from the Respondents, the Miami Field Officer Director and ICE (together, "Respondents"). *See* ECF No. [6]. The Respondents timely filed their Response. ECF No. [9]. Petitioner filed a Reply. ECF No. [11]. The Court has considered the Petition, the Response, the Reply, the record in the case, and is fully advised. For the reasons set forth below, the Petition is granted in part.

## I.    FACTUAL BACKGROUND

Petitioner is a Cuban citizen who last entered the United States in 2022. ECF No. [9] at 1. He has been in immigration detention since being detained after a scheduled ICE appointment on December 10, 2025. *Id.* at 2. He is currently detained at the Broward Transitional Center. *Id.* at 3. ICE has charged Petitioner with being inadmissible under § 212(a)(6)(A)(i) of the INA, as an alien present in the United States without being admitted or paroled or who arrived in the United States

at any time or place other than as designated by the Attorney General. *Id.* at 2.

On March 10, 2026, Petitioner filed this Petition, challenging his immigration detention and arguing his detention without a bond hearing violates his Constitutional due process rights and the INA. ECF No. [1] at 2-3. Petitioner requests that the Court either require Respondents to release him or to provide him with a bond hearing before an immigration judge. *Id*. at 3. Respondents respond that Petitioner is lawfully subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). ECF No. [9] at 3. The matter is ripe for review.

## II.     LEGAL STANDARD

Pursuant to 28 U.S.C. § 2241(a), district courts have the authority to grant writs of habeas corpus. Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.     DISCUSSION

As an initial matter, Respondents contend that 8 U.S.C. § 1252(g) and 1252(b)(9) present jurisdictional bars preventing the Court from considering Petitioner's claims. ECF No. [9] at 11-15. Neither 8 U.S.C. § 1252(g) nor 8 U.S.C. § 1252(b)(9) prevents a court from considering a challenge to the legality of a petitioner's detention. *See Gonzalez v. Noem*, No. 0:25-CV-62261, 2025 WL 4053421, at *2 (S.D. Fla. Dec. 23, 2025) (collecting cases), *report and recommendation adopted*, No. 25-62261-CV, 2026 WL 115211 (S.D. Fla. Jan. 15, 2026). The Court is satisfied that jurisdiction exists to consider the Petition. Thus, the Court proceeds to the merits of the Petition.

2

### A. Relevant Immigration Statutes

As relevant here, two statutes govern the detention of foreign nationals: 8 U.S.C. §§ 1225 and 1226.

### i. 8 U.S.C. § 1225

Section 1225 governs the inspection, detention, and removal of so-called "applicants for admission." *See* 8 U.S.C. § 1225 *et seq*. Pursuant to the statute, applicants for admission are defined as foreign nationals "present in the United States who ha[ve] not been admitted" or those "arriv[ing] in the United States." *Id*. All applicants for admission "must be inspected by immigration officers to ensure that they may be admitted into the country consistent with U.S. immigration law." *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018). To that end, "U.S. immigration law authorizes the Government to detain certain aliens *seeking admission* into the country under §§ 1225(b)(1) and (b)(2)." *Id*. at 289 (emphasis added).

In distinguishing 8 U.S.C. §§ 1225(b)(1) and (b)(2), the Court begins by noting that "Section 1225(b)(1) applies to all aliens initially determined to be inadmissible due to fraud, misrepresentation, or lack of valid documentation." *Id*. Such foreign nationals are generally subject to expedited removal "without further hearing or review." 8 U.S.C. § 1225(b)(1). That said, if the foreign national expresses "an intention to apply for asylum" or a "fear of persecution," the statute requires referral to an interview with an immigration officer. *Id*. § 1225(b)(1)(A)(ii). If the immigration officer finds a "credible fear," the foreign national "shall be detained for further consideration of the application for asylum." *Id.* § 1225(b)(1)(B)(ii).

By contrast, "Section 1225(b)(2) is broader" and "serves as a catchall provision that applies to all applicants for admission not covered by § 1225(b)(1)." *Jennings*, 583 U.S. at 287. Foreign nationals covered under § 1225(b)(2) are detained for removal proceedings "if the examining

3

immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted" into the country. 8 U.S.C. § 1225(b)(2)(A). Importantly, detention under § 1225(b)(2) is mandatory. *See Gomes v. Hyde,* 804 F. Supp. 3d 265, 273 (D. Mass. 2025).

### ii.  8 U.S.C. § 1226

The other relevant immigration statute, 8 U.S.C. § 1226, "authorizes the Government to detain certain aliens *already in the country* pending the outcome of removal proceedings." *Jennings*, 583 U.S. at 289 (emphasis added). Section 1226(a) provides that when a foreign national has been "arrested and detained pending a decision on whether the alien is to be removed from the United States," the Attorney General may either continue to detain the individual or release them on bond or conditional release. *See* 8 U.S.C. § 1226(a). The statute thus "establishes a discretionary detention framework[.]" *Gomes*, 804 F. Supp. 3d at 269. With this basic framework now established, the Court turns to analyzing the core dispute of this case — which statute applies to Petitioner.

### B.  Whether § 1225 or § 1226 Applies

Petitioner is *pro se* and does not cite § 1226(a) as the avenue of relief, but argues his detention without a bond hearing violates his Constitutional due process rights and the INA. Respondents respond that Petitioner is properly detained under 8 U.S.C. § 1225(b)(2)(A). ECF No. [9] at 4-8. Specifically, Respondents argue that § 1225(b)(2)'s definition of "applicants for admission" is broad enough to encompass not just those arriving at a port of entry, but those who, like Petitioner, have been residing in the United States. Id. at 4–5. The Court agrees with Petitioner.

As an initial matter, the Court notes that the issue of statutory interpretation falls well within the Court's jurisdiction. *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *3 (E.D. Mich. Sep. 9, 2025) (holding that determining whether § 1226(a) or § 1225(b)(2)(A)

applies implicates statutory interpretation, and "matters of statutory interpretation belong historically within the province of the courts." (citing *Loper Bright Enter. v. Raimondo*, 603 U.S. 369, 386 (2024))); *Barrios v. Shepley*, No. 25-cv-00406, 2025 WL 2772579, at *5 (D. Me. Sept. 25, 2025) (district court had jurisdiction to review petitioner's challenge to the "statutory framework" regarding his detention); *see Gomes*, 804 F. Supp. 3d at 277 n.9 ("[T]o the extent . . . the BIA would conclude that Gomes is subject to mandatory detention under Section 1225(b)(2), this Court respectfully disagrees with that conclusion. Courts must exercise independent judgment in determining the meaning of statutory provisions"); *Mosqueda v. Noem*, No. 5:25-CV-02304, 2025 WL 2591530, at *7 (C.D. Cal. Sept. 8, 2025) (district court had jurisdiction to decide whether § 1225 or § 1226 applied as "[t]hese are purely legal questions of statutory interpretation.").

The Supreme Court has treated foreign nationals who, like Petitioner, are already in the United States as being governed by § 1226(a). In *Jennings*, the Supreme Court distinguished foreign nationals "who have arrived at an official 'port of entry' (e.g., an international airport or border crossing) or who have been apprehended trying to enter the country at an unauthorized location" from those foreign nationals "who are already present inside the country." *Jennings*, 583 U.S. at 285. Indeed, the Court expressly held that § 1225(b) "applies primarily to [foreign nationals] seeking entry into the United States," *id*. at 297, whereas § 1226 "applies to [foreign nationals] already present in the United States," *id*., at 303; *see also Leng May Ma v. Barber*, 357 U.S. 185, 187 (1958) (distinguishing foreign nationals "who have come to our shores seeking admission" from "those who are within the United States after an entry, irrespective of its legality.").

The BIA's decision in *Yajure Hurtado* does not change this conclusion. For one, the BIA's conclusion is "entitled to little deference," *Ortiz Donis v. Chestnut*, No. 1:25-CV-01228 JLT SAB,

2025 WL 2879514, at *7 (E.D. Cal. Oct. 9, 2025), because "courts must exercise independent judgment in determining the meaning of statutory provisions" and "may not defer to an agency interpretation of the law simply because a statute is ambiguous." *Loper Bright*, 603 U.S. at 394, 413; *Gomes*, 804 F. Supp. 3d at 277 n.9. Indeed, in the words of the Supreme Court, "agencies have no special competence in resolving statutory ambiguities;" instead, "[c]ourts do." *Loper Bright*, 603 U.S. at 400–01.

Moreover, the reasoning and ultimate decision in *Yajure Hurtado* are unpersuasive and not binding on this Court. The BIA's view has not "remained consistent over time," *Loper Bright*, 603 U.S. at 386, given that the *Yajure Hurtado* decision contradicts "three recent, albeit unpublished, decisions by the [BIA], all clearly holding that the detention of a non-citizen arrested within the United States is governed under [S]ection 1226, rather than [S]ection 1225." *Martinez v. Hyde*, 792 F. Supp. 3d 211, 222 (D. Mass. 2025); *see also Ortiz Donis*, 2025 WL 2879514, at *7; *J.U. v. Maldonado*, No. 25-CV-04836 (OEM), 2025 WL 2772765, at *7 (E.D.N.Y. Sept. 29, 2025). Moreover, the BIA's decision in *Yajure Hurtado* "conflicts with the implementing regulation for § 1225(b)" by espousing a more expansive interpretation of § 1225(b) than the regulation itself does. *Ortiz Donis*, 2025 WL 2879514, at *8. Finally, many district courts have rejected the BIA's expansive interpretation of § 1225(b) set forth in *Yajure Hurtado*, holding that the interpretation Respondents have put forward "directly contravenes the statute, disregards decades of settled precedent," and is erroneous. *Gil-Paulino v. Sec'y of the U.S. Dep't of Homeland Sec.*, 25-cv-24292 (S.D. Fla. Oct. 10, 2025).[1]

---

[1] *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *7 (E.D. Mich. Sep. 9, 2025); *Puga v. Assistant Field Off. Dir., Krome N. Serv. Processing Ctr.*, No. 25-24535-CIV, 2025 WL 2938369, at*3-6 (S.D. Fla. Oct. 15, 2025); *Merino v. Ripa*, No. 25-cv-23845, 2025 WL 2941609, at *3 (S.D. Fla. Oct. 15, 2025); *Lopez v. Hardin*, No. 25-cv830, 2025 WL 2732717, at *2 (M.D. Fla. Sep. 25, 2025); *Patel v. Crowley*, No. 25-cv-11180, 2025 WL 2996787, at *7 (N.D. Ill. Oct. 24, 2025); *Gonzalez v. Noem*, No. 0:25-CV-62261, 2025 WL 4053421, at *4 (S.D. Fla. Dec. 23, 2025), *report and recommendation adopted*, No.

The Court determines that finding Petitioner is subject to detention pursuant to § 1226(a) rather than § 1225 gives meaning to each provision of the statutes, whereas Respondents' proposed construction does not. There are three canons of statutory construction relevant here. First, as the Supreme Court has made clear, "[a] statute should be construed so that effect is given to all its provisions." *Corley v. United States*, 556 U.S. 303, 314 (2009). Second, courts are to construe each word in a statute under the premise that it was intended to have "particular, nonsuperfluous meaning." *Bailey v. United States*, 516 U.S. 137, 146 (1995); *see also Bilski v. Kappas*, 561 U.S. 593, 607-08 (2010) (Courts may not interpret "any statutory provision in a manner that would render another provision superfluous."); *In re Shek*, 947 F.3d 770, 778 (11th Cir. 2020) ("[T]he Supreme Court has instructed us that the surplusage canon does not only apply when a potential interpretation would leave a statutory provision with no role; it also applies when an interpretation would render a 'clause, sentence, or word . . . superfluous, void, or *insignificant*.'" (quoting *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001)) (emphasis in original)). And third, "[e]ach word within the statute must be given 'it[s] ordinary, contemporary, common meaning, while keeping in mind that statutory language has meaning only in context.'" *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 780 (E.D. Mich. 2025) (quoting *Kentucky v. Biden*, 23 F.4th 585, 603 (6th Cir. 2022)).

---

25-62261-CV, 2026 WL 115211 (S.D. Fla. Jan. 15, 2026); *Sanchez v. Noem*, No. 25-62677-CV, 2026 WL 222556, at *1 (S.D. Fla. Jan. 28, 2026); *Hyppolite v. Noem*, No. 25-CV-4304 (NRM), 2025 WL 2829511, at *12 (E.D.N.Y. Oct. 6, 2025); *Lepe v. Andrews*, No. 1:25-CV-01163-KES-SKO (HC), 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025); *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 784 (E.D. Mich. 2025); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *1 (E.D. Pa. Nov. 18, 2025); *Esquivel-Ipina v. LaRose*, No. 25-CV-2672 JLS (BLM), 2025 WL 2998361, at *4–5 (S.D. Cal. Oct. 24, 2025); *Carmona v. Noem*, No. 1:25-CV-1131, 2025 WL 2992222, at *4–6 (W.D. Mich. Oct. 24, 2025); *Arias Lopez v. Hyde*, No. CV 25-12680-NMG, 2025 WL 3197806, at *1–2 (D. Mass. Oct. 24, 2025); *Aguilar Guerra v. Joyce*, No. 2:25-CV-00534-SDN, 2025 WL 2999042, at *1–3 (D. Me. Oct. 24, 2025); *Lomeu v. Soto*, No. 25CV16589 (EP), 2025 WL 2981296, at *4–9 (D.N.J. Oct. 23, 2025); *Maldonado v. Cabezas*, No. CV 25-13004, 2025 WL 2985256, at *4–5 (D.N.J. Oct. 23, 2025); *Loa Caballero v. Baltazar*, No. 25-cv-03120, 2025 WL 2977650, at *5–6 (D. Colo. Oct. 22, 2025); *Garcia v. Noem*, No. 2:25-CV-00879-SPCNPM, 2025 WL 3041895, at *3–5 (M.D. Fla. Oct. 31, 2025); *Kostak v. Trump*, No. 3:25-cv-01093-JEKDM, 2025 WL 2472136 (W.D. La. Aug. 27, 2025).

Applying these canons of statutory construction, it becomes clear that only Petitioner's proposed construction can stand, while Respondents' understanding cannot. There are two primary reasons for this conclusion.

First, Respondents' proposed construction would render portions of § 1225(b)(2)(A) superfluous and without natural meaning. By its plain terms, for § 1225(b)(2)(A) to apply to Petitioner, an "examining immigration officer" must determine that he is: (1) an "applicant for admission;" (2) "seeking admission;" and (3) "not clearly and beyond a doubt entitled to be admitted." *Martinez*, 792 F. Supp. 3d at 214.

Respondents' understanding would make "applicants for admission" and "seeking admission" effectively "synonymous." *Ortiz Donis*, 2025 WL 2879514, at *8. This, as many courts have observed, would render the phrase "seeking admission" superfluous. *See, e.g., id.*; *Romero v. Hyde*, No. CV 25-11631-BEM, 2025 WL 2403827, at *8 (D. Mass. Aug. 19, 2025); *Pablo Sequen v. Albarran*, No. 25-CV-06487-PCP, 2025 WL 2935630, at *9 (N.D. Cal. Oct. 15, 2025). Equally significant, Respondents' reading would require the Court to interpret "seeking admission" unnaturally by ignoring that the phrase "necessarily implies some sort of present-tense action." *Martinez*, 792 F. Supp. 3d at 218. As the *Lopez-Campos* court made clear:

> Respondents completely ignore the term "seeking" when attempting to broaden what "seeking admission" means. This implies action—something that is currently occurring, and in this instance, would most logically occur at the border upon inspection. Noncitizens who are just "present" in the country—those like Lopez-Campos, who have been here for years upon years and never proceeded to obtain any form of citizenship (e.g. asylum, permanent residency, refugee status, visas, etc.)—are not "seeking" admission. True, they may technically be "a noncitizen present in the United States who has not been admitted" to make them an "applicant for admission" but these are not interchangeable. The statute also requires that an "examining immigration officer" determine that the noncitizen is "seeking admission." That was not and could not have been done under the facts and circumstances of this case.

*Lopez-Campos*, 797 F. Supp. 3d at 781.

8

Second, Respondents' proposed construction of § 1225(b)(2)(A) would also make certain parts of § 1226 superfluous. As a reminder, § 1226(a) allows foreign nationals to be released on bond pending a removal decision. But § 1226(c) requires the Attorney General to take certain categories of foreign nationals into custody pending a removal determination. And in passing the 2025 Laken Riley Act, Congress amended § 1226(c) to add an additional category of foreign national subject to mandatory detention under it. *See* 8 U.S.C. § 1226(c)(1)(E); *Ortiz Donis*, 2025 WL 2879514, at *9. If Respondents are correct that § 1225(b)(2)(A) requires detention of effectively all foreign nationals present in the United States, then § 1226(c) — including the Laken Riley Act — would be superfluous. As such, there would be no need to create a mandatory detention provision in § 1226, because all foreign nationals would already be mandatorily detained under § 1225(b)(2)(A). *Martinez*, 792 F. Supp. 3d at 221; *Ortiz Donis*, 2025 WL 2879514, at *9–10. Moreover, Respondents' reading of § 1225(b)(2)(A) would effectively nullify § 1226(a) because it is unclear when the discretionary detention provided for by § 1226(a) would apply. *Patel*, 2025 WL 2996787, at *8. It is unlikely that Congress enacted the Laken Riley Act with the intention that it would have no effect because § 1225(b)(2)(A) already encompassed all foreign nationals and subjected them to mandatory detention. *Stone v. I.N.S.*, 514 U.S. 386, 397 (1995) ("When Congress acts to amend a statute, we presume it intends its amendment to have real and substantial effect.").

At bottom, the Court agrees with Petitioner and rejects Respondents' proposed interpretation. The Court finds that Petitioner is detained in violation of the laws of the United States pursuant to 28 U.S.C. § 2241. Furthermore, the Court finds that Petitioner is detained pursuant to the authority of 8 U.S.C. § 1226(a) and is entitled to a bond hearing before an immigration judge.

IV.     **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, **ECF No. [1]**, is **GRANTED IN PART**.

2. Within seven (7) days of the date of this Order, Respondents must either: (1) provide Petitioner with a bond hearing before an immigration judge consistent with 8 U.S.C. § 1226(a), at which the Government shall bear the burden of justifying his continued detention by clear and convincing evidence of dangerous or risk of flight; or (2) release Petitioner from custody, under reasonable conditions of supervision.

3. Respondents are enjoined from denying bond to Petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2).

4. Respondents must, within 24 hours of the bond hearing, file a status report indicating the outcome of the bond hearing and, if release on bond is denied, the reason(s) for the denial.

5. The Clerk of Court shall **CLOSE** this case.

6. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 10, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

10

Case No. 26-cv-60687-BLOOM

Copies provided to:

Yohenys Crespo Acosta, *Pro Se*
A# 240245366
Broward Transitional Center
Inmate Mail/Parcels
3900 North Powerline Road
Pompano Beach, FL 33073